# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEVELIN DION RAY LAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-24-417-F |
| ) | |
| **STEPHENS COUNTY, et al.,** ) | |
| ) | |
| **Defendant(s).** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis,* has filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1).[1] United States District Judge Stephen P. Friot referred this matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B). (Doc. 4). As set forth fully below, the undersigned recommends that the Court **DISMISS** the Complaint.

**I.      The Court's Duty to Screen Prisoner Complaints**

Federal law mandates the screening of each complaint in a civil action filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity and each case in which the plaintiff proceeds *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(e)(2). The court must dismiss a complaint or any portion of it that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id*.

---

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

1

The court's review of a complaint under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) mirrors that required for reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (internal quotation marks and citation omitted). A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). Bare legal conclusions in a complaint, however, are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe *pro se* pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint"). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is

determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*). "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. The court, however, may not serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

**II.    The Complaint**

In the instant Complaint, Plaintiff names as Defendants Stephens County; Ken Graham, Stephens County District Court Judge; Jerry Herberger, Stephens County District Court Special Judge; and Javier Martinez, Jail Administrator. (Doc. 1, at 1-2). In Count One, stated against Judge Herberger's court staff, the Stephens County Jail staff, Javier Martinez, and Judge Graham, Plaintiff alleges a violation of his 14th Amendment "right to life." (*Id.* at 3). In support, Plaintiff states, "[I] was given a date rape drug by medical staff and while on it was forced to sign paper work for Gillespy Counseling Conversion Therapy[.] [In] 2018 inmates allowed to choke me to death." (*Id.*) In Count Two, Plaintiff alleges "mental and physical torture resulting in long term injury [to his] right shoulder" in violation of the Eighth Amendment. (*Id.*) Plaintiff alleges that jail officers were "allowed to spit on and slap me, pinch my penis, [and] inmates who were sex offenders was allowed to assault me for whistleblowing on children be[ing] used for sex and corruption within the court." (*Id.*) In Count Three, Plaintiff claims, "retaliation on a known whistle blower with intent to kill," alleging that around September 2018, "Mr. Dressler was told by Gillespy

Counseling I was a child molester and he could take his anger out on me . . . . Mr. Dressler found out I was not and wouldn't let jail staff touch me." (*Id.* at 3-4).

In a letter attached to the Complaint, Plaintiff makes various allegations regarding being given a "date rape" drug; being physically and sexually assaulted; "information relating to fraud of number rigging of Oklahoma oil output;" the murder and exploitation of inmates; and the unfair treatment of some of the nurses at the jail. (*Id.* at Ex. 1). For relief, Plaintiff requests to be released from incarceration, monetary compensation, to be protected from further attack, "for children to stop being used for sex slavery," "fine restitution or any other fine cleared," and "probation to be cleared charges & probation & record cleared." (*Id.* at 5).

**III.    The Court Should Dismiss the Complaint.**

    **A.    Judge Graham and Judge Herberger Have Absolute Immunity.**

Plaintiff names as Defendants Stephens County District Judge Ken Graham and Stephens County District Special Judge Jerry Herberger. (Doc. 1, at 1-2). The Tenth Circuit has held:

> A judge is absolutely immune from suit for acts taken within his or her judicial capacity. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). To overcome this immunity, a plaintiff must demonstrate that a judge's actions were either outside the judge's judicial capacity or were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

*Hinton v. Dennis*, 362 F. App'x 904, 906 (10th Cir. 2010) (affirming district court's finding that judges were absolutely immune from § 1983 suit). Though Plaintiff indicates that Judge Herberger and Judge Graham are Defendants in Count One, Plaintiff does not allege

specific facts against Defendant Judge Herberger or Defendant Judge Graham in any count. (*See* Doc. 1, at 3-4). Plaintiff does not allege that either judge acted outside his judicial capacity or without jurisdiction. Thus, Plaintiff's claims against Defendant Judge Jerry Herberger and Defendant Judge Ken Graham should be dismissed with prejudice. *See Smith v. Glanz*, 662 F. App'x 595, 596 (10th Cir. 2016) (unpublished) (affirming dismissal with prejudice based on judicial immunity).

### B. Stephens County is an Improper Defendant.

In the case caption of the Complaint, Plaintiff names as a Defendant Stephens County. (Doc. 1, at 1). Stephens County is an improper defendant in a § 1983 action. "Under Oklahoma law, [] a county may be sued only in the name of the "Board of County Commissioners of the County of _____." *Hill v. Truelove*, No. CIV-07-404-M, 2010 WL 56144, at *7 (W.D. Okla. Jan. 6, 2010) (citing Okla. Stat. tit. 19, § 4). Since Plaintiff brought his claims against Stephens County instead of the Board of County Commissioners of Stephens County, the claims against Stephens County should be dismissed with prejudice. *See Bain v. Oklahoma Cnty.*, No. CIV-15-71-W, 2016 WL 2930447, at *2 (W.D. Okla. Apr. 8, 2016), *adopted*, 2016 WL 2851572 (W.D. Okla. May 13, 2016); *Vassar v. City of Guthrie Police Dep't*, No. CIV-18-276-C, 2018 WL 2729250, at *2 (W.D. Okla. Apr. 20, 2018) (recommending dismissal of claim against Guthrie Police Department with prejudice), *adopted*, 2018 WL 2728035 (W.D. Okla. June 6, 2018).

### C. Plaintiff Has Failed to Allege the Personal Participation of Defendant Martinez.

Lastly, Plaintiff names as a Defendant Stephens County Jail Administrator Javier Martinez. (Doc. 1, at 1-2). For a defendant to be liable for any civil rights violation, the defendant must have had direct personal responsibility for the claimed deprivation. *See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) (citing *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)) (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). In other words, a plaintiff must allege sufficient facts to demonstrate each defendant personally participated in the alleged violation, *see Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976), by "'identify[ing] specific actions taken by particular defendants.'" *See Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 2011)).

Even if a defendant is a supervisor, the defendant is liable only if he or she is "personally involved in the constitutional violation, and a sufficient causal connection [] exist[s] between the supervisor and the constitutional violation." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quotations omitted). "Thus, [] Plaintiff must base supervisory liability 'upon active unconstitutional behavior' and 'more than a mere right to control employees.'" *Davis v. Okla. Cnty.*, No. CIV-08-0550-HE, 2009 WL 2901180, at *4 (W.D. Okla. Sept. 3, 2009) (quoting *Serna*, 455 F.3d at 1153).

Plaintiff does not allege any facts demonstrating Defendant Martinez's involvement in violating Plaintiff's constitutional rights. Plaintiff's allegation that Mr. Martinez "was

6

aware of 2 visits under therapy but not 3rd," (Doc. 1, at 5), does not establish personal involvement in a constitutional violation. Thus, any claim against Defendant Martinez should be dismissed without prejudice. *See Clay v. Smith*, No. CIV-08-85-W, 2008 WL 3927124, at *1 (W.D. Okla. Aug. 26, 2008) (dismissing claim without prejudice when the plaintiff failed to allege personal participation).

## IV. Plaintiff's Letters Should Be Stricken.

Plaintiff also filed several letters, (Docs. 11, 12, 13) with the Court. Though a court will "construe [Plaintiff's] pleadings liberally because he is a *pro se* litigant, he nevertheless must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Accordingly, the Court does not consider and summarily strikes any letter, notice, or other filing that is not consistent with the motion practice established by the Federal Rules of Civil Procedure or this Court's Local Civil Rules. **Plaintiff's letters (Docs. 11, 12, 13) are therefore ordered STRICKEN from the record.**

## V. Recommendation and Notice of Right to Object.

In accordance with the forgoing analysis, the undersigned recommends that the Court **DISMISS** Plaintiff's Complaint (Doc. 1).

**The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before September 25, 2024,** under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives

7

his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 4th day of September, 2024.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE